THE STATE OF NEW HAMPSHIRE

ROCKINGHAM, SS.                                                                    SUPERIOR COURT

Docket No.:

Konstantin Ioannidis and
Erika Dilbarian
Plaintiffs

v.

Polaris Industries, Inc.,
Polaris Experience, LLC, and
Winter Fun, Inc.
Defendants

**COMPLAINT**
**AND**
**REQUEST FOR JURY TRIAL**

NOW COME Konstantin Ioannidis and Erika Dilbarian, by and through their attorneys, Boynton, Waldron, Doleac, Woodman & Scott, P.A., and hereby submit this Complaint and Request for Jury Trial, stating in support thereof as follows:

**I. PARTIES**

1.      The plaintiffs, Konstantin Ioannidis and Erika Dilbarian, are a married couple residing at 59 Templeton Parkway in Watertown, MA.

2.      Defendant Polaris Industries, Inc. is a Delaware Corporation with a principal place of business at 2100 Highway 55 in Medina, MN.

3.      Defendant Polaris Experience, LLC is a Minnesota Limited Liability Company with a principal place of business at 2100 Highway 55 in Medina, MN.

4.      Defendant Winter Fun, Inc. is a Maine Corporation with a principal place of business at 325 Main Street in Gorham, NH.

## II. JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter pursuant to RSA 491:7.

6.      Venue is proper in the State of New Hampshire, specifically Rockingham County, pursuant to RSA 507:9, as the plaintiff's injuries occurred in New Hampshire and no party is an inhabitant of this State.

## III. ALLEGATIONS COMMON TO ALL COUNTS

7.      On or about January 29, 2021, the plaintiffs attended a "Polaris Adventures" snowmobile ride in Gorham, New Hampshire.

8.      This was a guided ride conducted by the defendants as part of a partnership or joint enterprise between them. The defendants are thus jointly and severally liable.

9.      "Polaris Adventures" is a trade name that has since expired but, at the time, it was registered to defendant Polaris Experience, LLC.

10.     The plaintiffs had entered into an agreement with the defendants under which the defendants agreed to provide all necessary equipment, including the snowmobile itself, outdoor weather gear, and a helmet, and then lead a group on a guided snowmobile ride.

11.     As part of the process, the defendants inquired as to the plaintiffs' experience level, and the plaintiffs informed the defendants that they were novices.

12.      Despite the plaintiff's lack of experience, before beginning the ride the defendants provided minimal training and instruction regarding the safe operation of the snowmobile.

13.     Before they got underway, Mr. Ioannidis' helmet visor began to fog, obscuring his vision.

14.     Mr. Ioannidis brought this to the defendants' attention.

15.     Rather than provide Mr. Ioannidis with a helmet that fit properly and did not fog – or taking other measures to address this problem – the defendants simply told Mr. Ioannidis to crack open his visor.

16.     Relying on the defendants' instruction, this is what Mr. Ioannidis did.

17.     The ride began and, shortly thereafter, Mr. Ioannidis' helmet visor began to fog again.

18.     The fogging obscured his vision and caused him to crash the snowmobile.

19.     As a result, Mr. Ioannidis was severely injured. These injuries include, but are not limited to, numerous damages and losses, serious personal injury, severe and permanent physical and bodily injuries, extreme pain and suffering, significant scarring and disfigurement, numerous medical procedures and therapies, large and continuing medical expenses, emotional distress and mental anguish, loss of enjoyment of life, lost wages, and the costs and expenses of litigation. Plaintiff will continue to suffer from these injuries, damages, and losses for a long time in the future.

20.     At all times relevant, the defendants were acting through their agents and employees, and those agents or employees were acting within the scope of their employment and in furtherance of this employer's interests. The defendants are vicariously liable for the acts and omissions of their employees or agents under the Doctrine of *Respondeat Superior*.

### IV. CAUSES OF ACTION

### COUNT I
### NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

21.     The plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

22.    The defendants owed the plaintiffs a duty to be accurate and truthful in their representations to the plaintiffs.

23.    The defendants impliedly and explicitly represented to the plaintiffs that they would provide all training and equipment necessary to safely participate in the Polaris Adventure.

24.    The plaintiffs relied on these representations in entering into their agreement with the defendants.

25.    When the plaintiffs arrived at the defendants' location to begin the Adventure, the training that the defendants provided was minimal and inadequate.

26.    The defendants provided Mr. Ioannidis with a helmet that did not fit properly and whose visor tended to fog.

27.    The defendants thereby breached their duties to the plaintiffs by making these representations without regard for whether they were actually true.

28.    The defendants owed additional duties to the plaintiffs, including the duty to act reasonably and prudently in the conduct of the Adventure, the duty to provide adequate equipment, the duty to provide adequate instruction, and the duty to otherwise avoid injuring the plaintiffs.

29.    The defendants breached these duties by failing to provide adequate instruction and equipment, by failing to replace Mr. Ioannidis' helmet after the fogging problem was brought to their attention, and by otherwise failing to act reasonably and prudently.

30.    As a result, Mr. Ioannidis was injured.

31.    The defendants' acts and omissions were the legal, factual, and proximate cause of Plaintiff's injuries.

4

32.     These injuries include, but are not limited to, numerous damages and losses, serious personal injury, severe and permanent physical and bodily injuries, extreme pain and suffering, significant scarring and disfigurement, numerous medical procedures and therapies, large and continuing medical expenses, emotional distress and mental anguish, loss of enjoyment of life, lost wages, and the costs and expenses of litigation. Plaintiff will continue to suffer from these injuries, damages, and losses for a long time in the future.

## COUNT II
## STRICT LIABILITY

33.     The plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

34.      The plaintiffs' agreement with the defendants included the rental or use of equipment, including the snowmobile itself, outdoor weather gear, and a helmet.

35.     This equipment is a product.

36.     The defendants are in the business of providing these products to consumers such as the plaintiffs.

37.     The tendency of the helmet to fog and obscure the rider's vision was a defect that made it unreasonably dangerous to Mr. Ioannidis.

38.     This dangerous condition existed at the time the helmet was provided to Mr. Ioannidis and there was no substantial change in its condition after it was given to Mr. Ioannidis.

39.     Because of the defective condition of the helmet, the visor fogged and caused Mr. Ioannidis to crash.

40.     As a result, Mr. Ioannidis was injured.

41.    The defendants' acts and omissions were the legal, factual, and proximate cause of Plaintiff's injuries.

42.    These injuries include, but are not limited to, numerous damages and losses, serious personal injury, severe and permanent physical and bodily injuries, extreme pain and suffering, significant scarring and disfigurement, numerous medical procedures and therapies, large and continuing medical expenses, emotional distress and mental anguish, loss of enjoyment of life, lost wages, and the costs and expenses of litigation. Plaintiff will continue to suffer from these injuries, damages, and losses for a long time in the future.

## COUNT III
## BREACH OF WARRANTY

43.    The plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

44.     The helmet and other equipment are "goods" within the meaning of RSA 382-A:2 and RSA 382-A:2A.

45.    The defendants warranted that the goods were merchantable and fit for their intended purpose.

46.    The helmet tended to fog, and thus was neither merchantable nor fit for its intended purpose.

47.    The defendants thereby breached and violated these warranties.

48.    As a result, Mr. Ioannidis was injured.

49.    The defendants' acts and omissions were the legal, factual, and proximate cause of Plaintiff's injuries.

50. These injuries include, but are not limited to, numerous damages and losses, serious personal injury, severe and permanent physical and bodily injuries, extreme pain and suffering, significant scarring and disfigurement, numerous medical procedures and therapies, large and continuing medical expenses, emotional distress and mental anguish, loss of enjoyment of life, lost wages, and the costs and expenses of litigation. Plaintiff will continue to suffer from these injuries, damages, and losses for a long time in the future.

## COUNT IV
## VIOLATIONS OF THE CONSUMER PROTECTION ACT, RSA 358-A

51. The plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

52. The New Hampshire Consumer Protection Act makes it unlawful for an entity to use "any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce in this state." RSA 358-A:2.

53. The defendants violated RSA 358-A by engaging in unfair and deceptive acts and practices in the conduct of trade and commerce in this state.

54. The unfair and deceptive acts and practices in which the defendants engaged include but are not limited to: representing that its goods had characteristics, uses or benefits that it did not have, and representing that its goods were of a particular standard, quality or grade when they were not, and by providing an unreasonably dangerous product to the plaintiff.

55. Specifically, the defendants represented that they would provide adequate training and equipment to safely participate in the Adventure. They then provided inadequate training and equipment to the plaintiffs. When the problem with Mr. Ioannidis' helmet was brought to the

7

defendants' attention, rather than fix the problem, they told him to crack open his visor and falsely assured him that this would solve the problem.

56.    The defendants acted knowingly and willfully.

57.    As a result, Mr. Ioannidis was injured.

58.    The defendants' acts and omissions were the legal, factual, and proximate cause of Plaintiff's injuries.

59.    These injuries include, but are not limited to, numerous damages and losses, serious personal injury, severe and permanent physical and bodily injuries, extreme pain and suffering, significant scarring and disfigurement, numerous medical procedures and therapies, large and continuing medical expenses, emotional distress and mental anguish, loss of enjoyment of life, lost wages, and the costs and expenses of litigation. Plaintiff will continue to suffer from these injuries, damages, and losses for a long time in the future.

## COUNT V
## LOSS OF CONSORTIUM

60.    The plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

61.    At all times relevant hereto, the plaintiffs have been lawfully married.

62.    The acts or omissions of the defendants were the proximate, factual, and legal cause of the plaintiffs' injuries.

63.    As result of all of the defendants' fault as further set forth above and herein causing and resulting in significant, serious, and severe personal injuries to plaintiff Konstantine Ioannidis, plaintiff Erica Dilbarian has suffered and will continue to suffer the loss of her husband's comfort, care, society, services, and companionship.

## V. JURY TRIAL

64.    The plaintiff respectfully demands a Trial by Jury on all issues so triable.

WHEREFORE, the plaintiffs pray this Honorable Court:

A.    Allow the entry of judgment consistent with the jury's determination on all claims and with the determination for full and fair compensation in favor of the Plaintiffs as allowed by law and equity, plus interest and costs;

B.    Order payment of double or treble damages, plus attorney's fees and costs; and

B.    Order all such other relief as equity and justice require.

Respectfully submitted,

Konstantin Ioannidis and
Erika Dilbarian

By their attorneys,

BOYNTON, WALDRON, DOLEAC,
    WOODMAN, & SCOTT, P.A.

Dated: January 26, 2024        By: /s/ Michael H. Darling
                    Michael H. Darling, Bar #265326
                    82 Court Street
                    Portsmouth, NH  03801
                    (603) 4364010